Argued and submitted February 11, affirmed October 30, 1991

## SERENITY SERVICES, INC.,
*Appellant,*

*v.*

## Jimmie G. CASTREY,
aka Jim G. Castrey,
aka James Castrey,
*Respondent.*

(88-2015; CA A63869)

819 P2d 750

Gregory W. Byrne, Portland, argued the cause for appellant. With him on the briefs was Byrne & Barrow, Portland.

Stephen F. Crew, Portland, argued the cause for respondent. With him on the brief were Kenneth H. Fox, Portland, and O'Donnell, Ramis, Elliott & Crew, Portland.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

JOSEPH, C. J.

---

* Joseph, C. J., *vice* Newman, J., deceased.

## JOSEPH, C. J.

Plaintiff appeals a summary judgment that dismissed its claim to recover for services allegedly rendered to defendant. ORCP 47B. We affirm.

Defendant was president of Ace Building Supply, Inc. (Ace), and owned an apartment complex in Pasco, Washington. In 1984, he met Maki and McGuire, who owned Serenity by the Sea, an alcoholic treatment center in Seaside. Defendant, Maki and McGuire discussed opening a new treatment center at defendant's apartment complex. In June, 1984, the plaintiff corporation was formed, and Ace loaned it $50,000 and took back a note. The Pasco center never opened. In September, 1985, Ace demanded that plaintiff repay the loan. McGuire responded that he and others had rendered services to defendant worth $51,861.50 and that, therefore, the loan had been repaid in an accord and satisfaction.

In January, 1986, Ace sued plaintiff on the note in Clark County, Washington. The Washington court found that the parties had attempted to establish a joint venture and had failed. It also found that no one had paid money to or performed services for defendant and that he was not the alter ego of Ace. It concluded that Ace was entitled to judgment on the note for a portion of the $50,000 loan plus interest.[1]

Plaintiff then filed this action to recover for services rendered. The court ruled that defendant was entitled to summary judgment as a matter of law. We review the record in the light most favorable to plaintiff. *Seeborg v. General Motors Corp.*, 284 Or 695, 699, 588 P2d 1100 (1978).

■ Plaintiff argues that its claim that it had rendered services for defendant was not necessarily adjudicated in the Washington action and that, therefore, it is not precluded from litigating the issue here. Issue preclusion bars a party from relitigating an issue of fact or law that was necessary to the decision in another action between the parties. *Drews v. EBI Companies*, 310 Or 134, 139, 795 P2d 531 (1990). There

---

[1] The Washington court found that defendant had stipulated that he was personally liable for one-third of the note and that he had implied that he would satisfy that part of the obligors' debt to Ace.

was a final judgment on the merits in Washington. Plaintiff was a party to that action. All that remains to be decided is whether the issue that plaintiff now presents was necessarily decided. *See State Farm Fire & Cas. v. Reuter,* 299 Or 155, 158, 700 P2d 236 (1985).

■ The Washington court decided that plaintiff had rendered no services to or for defendant. In that case, plaintiff here had sought to prove an accord and satisfaction of the loan obligation to Ace by showing that McGuire and others had furnished defendant airplane rides, consulting services and personnel training. The court rejected that assertion:

> "[T]he assertion by Mr. McGuire, Mr. Maki and Serenity Services, Inc., breaks into three propositions. Proposition No. 1: They paid Mr. Castrey by airplane rides and other services in kind. Proposition No. 2: Castrey and Ace Building Supply are one and the same. Proposition No. 3: Therefore, Maki and McGuire paid Ace Building Supply. So if we put it into syllogistic form, those are the propositions that make up this argument.

> "I reject Propositions One and Two. Proposition One, that they paid Castrey, has not been proven here in any way, shape or form. The burden of proving payment is on the one asserting it. To come in and simply make a gross approximation of the nature of $90,000 doesn't come anywhere close to presenting real proof on the issue. Certainly, we would expect check stubs and records and the usual things that one would keep in terms of payment, at least testimony on specifics. None of that's been presented. In my judgment, the testimony concerning anyone paying Mr. Castrey is exceedingly weak. In fact, so weak as to be virtually non-existent."

That services had been rendered to defendant personally was essential to plaintiff's Washington claim that the loan to Ace had been satisfied. It now realleges that the same services were rendered to the same person. That issue was litigated and decided adversely to it in Washington. The court correctly ruled that it was barred from relitigating the issue.

Affirmed.